J-S38033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BARON DARNELL | |
| Appellant | No. 1321 EDA 2015 |

Appeal from the Judgment of Sentence April 24, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008666-2013

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED MAY 23, 2016**

Appellant Baron Darnell appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his bench trial convictions for possession with intent to deliver a controlled substance ("PWID"),[1] and possession of drug paraphernalia.[2]  After careful review, we affirm.

The trial court summarized trial evidence from the non-jury trial conducted on February 19, 2015 as follows:

> On June 11, 2013, Philadelphia Police Officer Gregory Stevens, assigned to the Narcotics Field Unit, commenced an investigation in the 600 block of East Lippincott Street after receiving information from a confidential informant that drugs

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(32).

were being sold from a residence located at 634 East Lippincott Street. On the aforementioned date, Officer Stevens met with the confidential informant (hereinafter CI), searched the CI and gave the CI $20.00 in pre-recorded buy money to attempt to purchase narcotics at 604 [sic] East Lippincott Street. The CI knocked on the front door to the residence and soon thereafter Appellant answered the door, engaged in a short conversation during which the CI handed Appellant the $20.00 in pre-recorded buy money. Appellant retreated inside the house for a moment and when he returned to the doorstep, he engaged in a hand-to-hand transaction with the CI. The CI then returned to Officer Stevens and handed him two clear orange capped vials containing what testing revealed to be crack cocaine. Officer Stevens placed the two vials on a property receipt and sent them to a Philadelphia Chemical Lab for testing.

On June 18, 2013, Officer Stevens returned to the 600 block of Lippincott Street with the CI who was again provided with $20.00 in pre-recorded buy money, and instructed to proceed to 634 East Lippincott Street. The CI encountered Appellant on the steps of the property and handed him the buy money at which time Appellant entered the property. Appellant returned a short while later and handed the CI small items. The CI then returned to Officer Stevens and handed him two white cap vials containing crack cocaine, which the officer placed on a property receipt which were once again sent to the Chemical Lab for testing.

On June 21, 2013, after securing a search warrant, Officer Stevens returned to 634 Lippincott Street to execute the warrant with other officers. During the execution of the search warrant, police arrested Appellant who was in the residence's living room along with another male. Police seized drug paraphernalia, a digital scale, unused plastic jars and bags, numerous new and used packets from inside the residence, and U.S. currency. Police also seized a key to the residence and U.S. currency from Appellant as well as a photograph of Appellant from inside the residence.

In his defense, Appellant entered evidence by way of stipulation indicating that he had been employed as a human resource generalist by Databank IMX from 2012 until June 21, 2013, the day he was arrested[,] and that he was paid $16.50 an hour.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed September 15, 2015 ("1925(a) Opinion"), pp. 2-3 (internal record citations and footnotes omitted). Based on this evidence, on February 19, 2015, the trial court found Appellant guilty of PWID and possession of drug paraphernalia.

Prior to sentencing on April 24, 2015, Appellant made an oral motion for a new trial claiming the verdict was supported by insufficient evidence and was also against the weight of the evidence. *See* N.T. 4/24/2015, 14. The trial court denied the motion. *Id.* at 15. Thereafter, the trial court imposed a sentence of time served to 23 months' incarceration followed by 3 years' probation on the PWID conviction.[3]

Appellant filed a notice of appeal on April 29, 2015 and a Pa.R.A.P. 1925(b) statement on May 19, 2015. The trial court filed its 1925(a) Opinion on September 15, 2015.

Appellant raises the following issue for our review:

> Did not the trial court err by denying [A]ppellant's motion for a new trial, as the verdict was against the weight of the evidence where the Commonwealth presented the testimony only of a single uncorroborated witness at [A]ppellant's trial and a new trial was necessary in the interests of justice?

Appellant's Brief, p. 3.

---

[3] The trial court imposed no further penalty on the possession of drug paraphernalia conviction.

Appellant alleges the trial court erred by denying his post-conviction motion for a new trial based on the allegation that the guilty verdicts were against the weight of the evidence. *See* Appellant's Brief, pp. 11-16. Effectively, Appellant claims a finding of guilt is precluded because the testifying officer briefly saw Appellant twice, Appellant did not live at the searched house, and Appellant's pay stub indicates that he worked 80 hours during the 2-week pay period in which these controlled buys happened. *See id.* We do not agree.

The denial of a new trial based on a lower court's determination that the verdict was not against the weight of the evidence is one of the least assailable reasons for granting or denying a new trial. *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa.2013). This Court reviews weight of the evidence claims pursuant to the following standard:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa.2000) (internal citations, quotations, and footnote omitted).

Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice,[4] "such that right must be given another opportunity to prevail." *Commonwealth v. Goodwine*, 692 A.2d 233, 236 (Pa.Super.1997). Moreover, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. *Widmer*, 744 A.2d at 753. When reviewing the trial court's determination, this Court gives the gravest deference to the findings of the court below. We review the court's actions for an abuse of discretion. *Id.*

---

[4] This Court has explained the notion of "shocking to one's sense of justice" as follows:

> When the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

*Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa.Super.2004) (internal citations and quotations omitted).

Simply stated, the verdict in this matter illustrates that the court found the officer's testimony regarding the hand-to-hand drug buys and the identification of Appellant credible. The trial court explained:

> . . . Officer Stevens testified credibly in this [c]ourt's view that he twice observed Appellant engage in a drug transaction with a CI. The officer testified that he had a clear view of Appellant during these incidents.
>
> In addition, on the day the warrant was executed, police found Appellant inside 634 East Lippincott Street, the location of the two sales to the CI. Not only did police find drug paraphernalia and other items related to drug dealing[,] they also found a key to the residence in Appellant's possession.

1925(a) Opinion, p. 5. From this testimony, and based upon the trial court's right to resolve conflicts and/or inconsistencies in the testimony presented, the trial court concluded that, "[a]ll this evidence more than supports the verdict[.]" *Id.*

Our review of the trial transcript reveals the trial court did not abuse its discretion in denying a new trial based on the weight of the evidence. Accordingly, Appellant's weight of the evidence claim fails and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2016

- 6 -